

# NUMBER 13-12-00239-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE MATTER OF L.T.P. II

**On appeal from the 156th District Court of Bee County, Texas, Sitting as a Juvenile Court**

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Rodriguez**

Appellant L.T.P. II appeals the juvenile court's order transferring him from the Texas Youth Commission (TYC) to the Texas Department of Criminal Justice (TDCJ) to complete his sentence. *See* TEX. FAM. CODE ANN. §§ 51.04(a), 54.11 (West 2008 & Supp. 2011). Concluding that the record contains no error which was preserved for appeal, appellant's counsel filed an *Anders* brief reviewing the merits, or lack thereof, of the appeal. We affirm.

In December 2006, appellant, as a juvenile, was found to have engaged in delinquent conduct by committing aggravated assault with a deadly weapon and was committed to the TYC for eleven years with a possible transfer to the TDCJ. *See id.* §§ 53.045, 54.04 (West Supp. 2011). Appellant filed an *Anders* brief, and this Court affirmed the judgment of the trial court. *See In re L.T.P. II, a Juvenile*, No. 13-07-00300-CV, 2008 Tex. App. LEXIS 5642, at *1 (Tex. App.—Corpus Christi, July 29, 2008, no pet.) (mem. op.).

On March 30, 2012, the trial court held a transfer hearing. At the hearing, the State presented testimony from a court-liaison employee of the Texas Juvenile Justice Department, formerly known as the TYC, concerning appellant's experiences, character, and progress while committed to the TYC. Appellant testified concerning his progress. Appellant's mother testified about family support that appellant would receive if the trial court released him from the TYC and placed him on probation. At the conclusion of the hearing, the trial court entered an order transferring appellant to the custody of the TDCJ to serve the remainder of his sentence. Appellant appeals from the trial court's transfer order.

## I. COMPLIANCE WITH *ANDERS V. CALIFORNIA*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that he "has searched the record and fails to find any arguable grounds for an appeal." *See id.*; *In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (applying procedures enumerated in *Anders* to juvenile matters). Counsel's brief discusses relevant portions

2

of the record as they pertain to the following: (1) that appellant's sentence was within the range of punishment for a second-degree felony; (2) that the evidence supported factors the trial court considered at the release or transfer hearing, as set out in section 54.11(k) of the family code; and (3) that the trial court had jurisdiction to transfer appellant who was twenty years old at the time of the hearing. *See* TEX. FAM. CODE ANN. § 54.11(k) (West Supp. 2011); *In the Matter of J.J.*, 276 S.W. 3d 171, 176 (Tex. App.—Austin 2008, pet. denied).

Counsel has carefully discussed why, under controlling authority, there is no error upon which an appeal might be based. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Appellant's counsel has informed this Court that he reviewed matters in the record and researched the law applicable to the facts and issues contained in the record. *In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

Counsel has certified to this Court that, in his professional opinion, the record reflects no reversible error, he has found no grounds that would arguably support an appeal, and the appeal is without merit and is frivolous. He has caused a copy of the brief and his motion to withdraw as attorney of record to be delivered to appellant. Counsel also informed appellant of his right to examine the record and to file a pro se

response.[1]   *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.   More than an adequate period of time has passed, and appellant has not filed a pro se response.   *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.   *Penson v. Ohio*, 488 U.S. 75, 80 (1988).   We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.   *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.   Accordingly, we affirm the transfer order of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.   *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.   To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.   Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."   *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

4

brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case on August 29, 2012. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for further review.[2] *See* TEX. FAM. CODE ANN. § 56.01(a) (West Supp. 2011); *see also* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 8th
day of November, 2012.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Supreme Court, he must either retain an attorney to file a petition for review or file a pro se petition for review. *See In re C.A.V.*, No. 13-10-00147-CV, 2011 Tex. App. LEXIS 1108, *6 n.2 (Tex. App.—Corpus Christi Feb. 10, 2011, no pet.) (mem. op.).